———————————

No. _____

———————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

H.R. EWELL, INC., WESTERN STATES TRUCKING ASSOCIATION,
CALIFORNIA FUELS AND CONVENIENCE ALLIANCE,
CALIFORNIA ASPHALT PAVEMENT ASSOCIATION,
NEW YORK CONSTRUCTION MATERIALS ASSOCIATION, INC.,
AND ASSOCIATED GENERAL CONTRACTORS OF NEW YORK
STATE LLC,

Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

———————————

**PETITION FOR REVIEW**

———————————

KERRY C. HUNT
  Pacific Legal Foundation
  3100 Clarendon Blvd., Ste. 1000
  Arlington, Virginia 22201
  Telephone: (202) 888-6881
  Facsimile: (916) 419-7747
  KerryHunt@pacificlegal.org

LUKE A. WAKE
  Pacific Legal Foundation
  555 Capitol Mall, Ste. 1290
  Sacramento, California 95814
  Telephone: (916) 419-7111
  Facsimile: (916) 419-7747
  LWake@pacificlegal.org

*Counsel for Petitioners*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Ninth Circuit Rule 26.1-1, Petitioners make the following disclosures:

Petitioner H.R. Ewell, Inc. is a Pennsylvania S-Corp. H.R. Ewell, Inc. does not have a parent corporation, and no publicly held company has a 10% or greater ownership interest in H.R. Ewell, Inc.

Petitioner Western States Trucking Association ("WSTA") is a non-profit, tax-exempt trade association. WSTA does not have a parent corporation, and no publicly held company has a 10% or greater ownership interest in WSTA.

Petitioner California Fuels and Convenience Alliance ("CFCA") is a non-profit, tax-exempt trade association. CFCA does not have a parent corporation, and no publicly held company has a 10% or greater ownership interest in CFCA.

Petitioner California Asphalt Pavement Association ("CalAPA") is a non-profit, tax-exempt trade association. CalAPA does not have a parent corporation, and no publicly held company has a 10% or greater ownership interest in CalAPA.

Petitioner New York Construction Materials Association, Inc. ("NYMaterials") is a non-profit, tax-exempt trade association. NYMaterials does not have a parent corporation, and no publicly held company has a 10% or greater ownership interest in NYMaterials.

Petitioner Associated General Contractors of New York State, LLC ("AGC NYS") is a New York State not for profit entity that is a product of a combination of two other construction industry trade associations. As such, AGC NYS has two parent corporations: The General Building Contractors of New York State, Inc. and Associated General Contractors of America New York State Chapter, Inc.

## PETITION FOR REVIEW

Pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure; Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1); and Section 702 of the Administrative Procedure Act, 5 U.S.C. § 702; H.R. Ewell, Inc., the Western States Trucking Association, California Fuels and Convenience Alliance, California Asphalt Pavement Association, New York Construction Materials Association, Inc., and Associated General Contractors of New York State LLC petition for review of a final action of the United States Environmental Protection Agency (EPA). *See* Exhibit A, Notice of Decision, *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025) ("Notice of Decision"). This Petition is timely under Section 307(b)(1) of the Clean Air Act because it is filed within sixty days from EPA's publication of its January 6, 2025, Notice of Decision. 42 U.S.C. § 7607(b)(1) (providing that petitions for review must "be filed within sixty days from the date notice of such promulgation, approval, or action appears in the Federal Register.").

This Court has jurisdiction because Petitioners are adversely affected by the final agency action, which can be challenged in a United States Court of Appeals under § 307(b)(1) of the Clean Air Act. 42 U.S.C. §7607(b)(1). And venue is proper in the Ninth Circuit because the Clean Air Act provides that petitions for review of final actions by the EPA be filed "in the United States Court of Appeals for the appropriate circuit" unless the action "is based on a determination of nationwide scope or effect"—a determination that the EPA Administrator must find and publish. *Id.* The EPA Administrator published no such venue determination in the Notice of Decision. *See generally* 90 Fed. Reg. 643. Accordingly, the Ninth Circuit is the "appropriate circuit" because the agency action at issue is EPA's grant of a waiver request submitted by the State of California, which resides in this Circuit. Additionally, the Ninth Circuit is the appropriate circuit because several of the associational petitioners reside in California, and because the Western States Trucking Association has affected members both in California and in other Ninth Circuit states. Further, venue is appropriate because there is already a pending challenge to EPA's Notice of Decision in the Ninth Circuit. *See Am. Free Enter. Chamber of Commerce v. U.S. Envtl.*

2

*Prot. Agency*, No. 25-89 (9th Cir. filed Jan. 6, 2025). *See also* 28 U.S.C. § 2112.

Petitioners respectfully request that this Court (1) grant the Petition and declare that the EPA's final action is unlawful, (2) vacate, enjoin, and set aside the EPA's final action, and (3) provide such other relief as this Court deems appropriate.

DATED: March 7, 2025.

Respectfully submitted,

By /s/ Luke A. Wake
    LUKE A. WAKE
    Pacific Legal Foundation
    555 Capitol Mall, Ste. 1290
    Sacramento, California 95814
    Telephone: (916) 419-7111
    LWake@pacificlegal.org

    KERRY C. HUNT
    Pacific Legal Foundation
    3100 Clarendon Blvd., Ste. 1000
    Arlington, Virginia 22201
    Telephone: (202) 888-6881
    KerryHunt@pacificlegal.org

    *Counsel for Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that I caused a copy of this Petition for Review to be served on Respondent by U.S. Certified Mail:

U.S. Environmental Protection Agency
Correspondence Control Unit
Office of General Counsel (2811)
1200 Pennsylvania Avenue NW
Washington, DC 20460

Jane Nishida
Acting Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue NW
Washington, DC 20460

/s/ Luke A. Wake
LUKE A. WAKE
*Counsel for Petitioners*