———————————

No. 25-1475, 25-89, & 25-1480

———————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

H.R. EWELL, INC., WESTERN STATES TRUCKING ASSOCIATION,
CALIFORNIA FUELS AND CONVENIENCE ALLIANCE,
CALIFORNIA ASPHALT PAVEMENT ASSOCIATION,
NEW YORK CONSTRUCTION MATERIALS ASSOCIATION, INC.,
AND ASSOCIATED GENERAL CONTRACTORS OF
NEW YORK STATE LLC,

Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

———————————

**PETITIONERS' RESPONSE TO RESPONDENT'S
MOTION TO DISMISS**

———————————

KERRY C. HUNT
  Pacific Legal Foundation
  3100 Clarendon Blvd., Ste. 1000
  Arlington, Virginia 22201
  Telephone: (202) 888-6881
  Facsimile: (916) 419-7747
  KerryHunt@pacificlegal.org

LUKE A. WAKE
  Pacific Legal Foundation
  555 Capitol Mall, Ste. 1290
  Sacramento, California 95814
  Telephone: (916) 419-7111
  Facsimile: (916) 419-7747
  LWake@pacificlegal.org

*Counsel for Petitioners*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

BACKGROUND ..................................................................................................... 1

    I.    EPA Granted Waiver for California's Omnibus Regulation ....... 1

    II.   Congress Invalidates EPA's Waiver ............................................ 3

    III.  EPA's Motion to Dismiss ............................................................ 4

ARGUMENT ........................................................................................................... 4

CERTIFICATE OF SERVICE .............................................................................. 14

CERTIFICATE OF COMPLIANCE ..................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*California v. United States,*
   No. 25-4966 (N.D. Cal.) ............................................................... 4

*Clinton v. City of New York,*
   524 U.S. 417 (1998) ..................................................................... 10

*Coyle v. Smith,*
   221 U.S. 559 (1911) ..................................................................... 6

*Ctr. for Biological Diversity v. Bernhardt,*
   946 F.3d 553 (9th Cir. 2019) ................................................ 5–8, 11–13

*Ford Motor Co. v. EPA,*
   606 F.2d 1293 (D.C. Cir. 1979) ................................................... 2

*Japan Whaling Ass'n v. Am. Cetacean Soc.,*
   478 U.S. 221 (1986) ..................................................................... 9

*Marshall Field & Co. v. Clark,*
   143 U.S. 649 (1892) ..................................................................... 9

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. New York State*
*Dep't of Env't Conservation,*
   810 F. Supp. 1331 (N.D.N.Y. 1993) ............................................ 2

*NLRB v. Noel Canning,*
   573 U.S. 513 (2014) ..................................................................... 9

*In re Pattullo,*
   271 F.3d 898 (9th Cir. 2001) ................................................... 4, 10

**U.S. Constitution**

U.S. Const. art I, § 5, cl. 2 ................................................................ 7, 10

**Statutes**

5 U.S.C. § 805 .................................................................................. 12

42 U.S.C. § 7507(1) ......................................................................... 2

42 U.S.C. § 7543(a) ....................................................................... 1–2

42 U.S.C. § 7543(b) ....................................................................... 1–2

42 U.S.C. § 7607(b)(1) .................................................................................. 13

Pub. L. No 119-17, 139 Stat. 67 (2025) ...................................................... 3

## Regulation

*California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025) ....................................................... 2–3

## Other Authorities

Carey, Maeve P. & Davis, Christopher M., Cong. Rsch. Serv., R43992, The Congressional Review Act (CRA): Frequently Asked Questions (2021), https://www.congress.gov/crs-product/R43992 .................................... 8

Complaint, *California v. United States*, No. 25-4966 (N.D. Cal. June 12, 2025) ........................................... 5–7

H.R.J. Res. 89, 119th Cong. (2025) ........................................................ 3

Madison, James, The Federalist No. 51 .................................................. 6

Petitioners H.R. Ewell, Inc., Western States Trucking Association, California Fuels and Convenience Alliance, California Asphalt Pavement Association, New York Construction Materials Association, Inc., and Associated General Contractors of New York State LLC brought this petition for review seeking relief that would prevent the State of California (and other states) from enforcing a schedule of increasingly stringent heavy diesel emission limitations under California's Omnibus Regulation. But litigation is no longer needed because Congress has now passed, and the President has signed into law, resolutions that provide the very relief the Petitioners sought in this action. As such, the Petitioners agree with the Respondent that the controversy that existed at the outset of this litigation is now moot.

## BACKGROUND

### I.  EPA Granted Waiver for California's Omnibus Regulation

The Clean Air Act (CAA) preempts the states from enforcing vehicle emission regulations. 42 U.S.C. § 7543(a). The Act allows an exception only for regulation from the State of California, and only where the U.S. Environmental Protection Agency (EPA) has issued a valid "waiver." *Id.* § 7543(b). In the absence of a valid waiver, California is precluded from

enforcing its vehicle emission regulations. 42 U.S.C. § 7543(a), (b) (providing for waiver from preemption); s*ee also Ford Motor Co. v. EPA*, 606 F.2d 1293 (D.C. Cir. 1979) ("After obtaining such a waiver California can enforce within its borders its own pollution standards."). Likewise, the CAA precludes any other state from enforcing California vehicle emission standards in the absence of a valid EPA waiver. 42 U.S.C. § 7507(1) (permitting states to adopt California standards "for which a waiver has been granted"); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. New York State Dep't of Env't Conservation*, 810 F. Supp. 1331, 1342 (N.D.N.Y. 1993) ("[A] state may not adopt and enforce any California emission standards which have not received [] EPA approval").

As such, this case concerned EPA's waiver approving California's Omnibus Regulation, which imposed a schedule of increasingly stringent emission standards for heavy diesel engines over the next decade. *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025) ("Waiver"). California requested this waiver in 2022. *Id.* at 643–44. EPA

2

granted it and published its decision in the Federal Register on January 6, 2025. *Id.* at 644.

In response, the Petitioners filed a petition for review on March 7, 2025. No. 25-1475, Dkt. No. 1. Their petition asked this Court to vacate, enjoin, and set aside EPA's final action in granting the waiver. At that time, relief was needed because EPA's waiver authorized California to begin enforcing its Omnibus Regulation, which would have significantly raised costs for H.R. Ewell and the members of the various associational petitioners who must recurrently replace heavy diesel engine trucks in the ordinary course of business. Waiver, 90 Fed. Reg. at 645.

## II.  Congress Invalidates EPA's Waiver

But Congress has intervened. On April 30, 2025, the U.S. House of Representatives passed a resolution repudiating EPA's waiver. H.R.J. Res. 89, 119th Cong. (2025). Then, on May 22, 2025, the U.S. Senate passed this resolution under streamlined procedures. Later, on June 12, 2025, President Trump signed the Joint Resolution into law. Pub. L. No 119-17, 139 Stat. 67 (2025). Its text provides that EPA's waiver for California's Omnibus Regulation "shall have no force or effect." *Id.*

3

## III. EPA's Motion to Dismiss

EPA now moves to dismiss this petition as moot because Congress has "nullif[ied] the challenged EPA rule" and provided the very relief the Petitioners have asked for. Mot. at 4. The Motion urges this Court to grant California's motion to intervene.[1] The Motion acknowledges that California has, separately, initiated a lawsuit in the Northern District of California "arguing that the statute invalidating the waiver should be struck down." Mot. at 4 (citing *California v. United States*, No. 25-4966 (N.D. Cal.)). EPA argues—and Petitioners agree—that California's "separate district-court lawsuit does not absolve this Court from its duty to dismiss these petitions on the ground that the challenged waiver has been voided by statute." *Id.*

## ARGUMENT

This Court only has jurisdiction to hear cases to the extent there remains a continuing controversy. *In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001) (courts lack jurisdiction to decide a moot case). But there is no longer a controversy here because Congress has changed the law to

---

[1] The Petitioners agree that California should be allowed to intervene and to respond to the Motion to Dismiss.

4

provide the very relief the Petitioners sought. The parties agree on this point.

Even the Defendant-Intervenors have acknowledged that this Act of Congress invalidates EPA's January 6th waiver decision, and that this prevents California from enforcing the Omnibus Regulation. Compl. ¶ 6, *California v. United States*, No. 25-4966 (N.D. Cal. June 12, 2025), Dkt. No. 1 ("California Compl."), (acknowledging that when "a CRA resolution disapproving of a federal agency's rule is enacted, the targeted rule ceases to have legal effect.").[2] As such there is nothing left to do here. Congress has spoken.

The fact that California has initiated a separate lawsuit challenging the validity of this Act of Congress does not change anything. This case is moot, regardless of California's action, because there is no

---

[2] The Defendant-Intervenors brought their lawsuit to reinstate EPA's waiver. As such, they acknowledge the legal effect of Congress's Joint Resolution. They argue that Congress should not have used the CRA procedure here on the view that EPA's waiver decision is not a rule subject to the CRA. But, as explained further, it does not matter whether the waiver is a rule, an order, or something else. All that matters is that Congress decided—under its own rules—to enact law to effectively "amend[]" the Clean Air Act to disallow EPA's waiver for the Omnibus Rule or any substantially similar rule. *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 562 (9th Cir. 2019).

longer a live controversy. The controversy ended the moment Congress changed the law to prohibit enforcement of California's Omnibus Regulation.

In its district court lawsuit, California alleges that Congress violated separation of powers in acting—under procedures established under the Congressional Review Act (CRA)—to invalidate EPA's waiver. California Compl. ¶¶ 153–69. But Congress does not violate separation of powers when its members propose, and the House and Senate vote upon, resolutions to reject agency action. *See Bernhardt*, 946 F.3d at 562 (emphasizing that the Constitution requires only bicameralism and presentment to the President). On the contrary, that is precisely how separation of powers is supposed to work.

Congress represents the will of the American People. *Coyle v. Smith*, 221 U.S. 559, 572 (1911) ("Every constitutional act of Congress is passed by the will of the people of the United States, expressed through their representatives[.]"). And when Congress decides that an agency has taken an intolerable or oppressive action under existing law, it is Congress's prerogative to *change the law* to prevent harm that would otherwise follow from agency action. *See* The Federalist No. 51 (James

Madison) ("The legislative authority necessarily predominates."). As such, California complains only because Congress has chosen to enact law that it disagrees with as a policy matter. But the answer in such cases is to take the issue up with Congress—not the courts.

California contends that Congress should not have moved forward with voting on a resolution to invalidate EPA's waiver on the view that EPA improperly submitted the waiver to Congress for review under the CRA. But this argument is foreclosed for the simple reason that the Constitution gives Congress the prerogative to decide on its own rules of proceeding. *See* U.S. Const. art I, § 5, cl. 2. As such, EPA's actions or omissions are irrelevant. All that matters is that Congress—acting under its chosen rules—introduced and voted on a resolution to invalidate EPA's waiver. *See Bernhardt*, 946 F.3d at 557 ("The CRA streamlines Congress's typical procedure for enacting legislation.").

The core of California's argument is its contention that EPA's waiver decision is an "order," and not a "rule." *See, e.g.*, California Compl. ¶¶ 63–70. The State contends that this matters because the CRA only requires federal agencies to submit "rules" for congressional review. *See, e.g., id.* ¶ 118–19. But even if the waiver decision was an "order," nothing

7

precludes an agency from notifying Congress of its orders. And it is within Congress's purview to enact law as it sees fit on any subject within its enumerated powers—regardless of how the matter is brought to Congress's attention. *See Bernhardt*, 946 F.3d at 562 (holding that regardless of whether there was a technical violation of the CRA, "Congress [had] amended the substantive environmental law and deprived" the agency's prior action from carrying "any force or effect.").

For that matter, Congress has decided that it can proceed under streamlined procedures to limit debate on CRA resolutions even if an agency has failed to submit a matter to Congress. Maeve P. Carey & Christopher M. Davis, Cong. Rsch. Serv., R43992, The Congressional Review Act (CRA): Frequently Asked Questions 12–13 (2021), https://www.congress.gov/crs-product/R43992 (discussing Senate practice of requesting GAO opinion of whether an agency action is a "rule" subject to the CRA when an agency refuses to submit the action to Congress). As such, Congress has determined that—***under its rules***—it does not matter how agency action is raised initially for congressional review. And because the substance and interpretation of Congress's rules are matters for Congress to alone resolve, there is no basis for California

8

to second guess Congress's choice to proceed with its Joint Resolution. *See NLRB v. Noel Canning*, 573 U.S. 513, 551 (2014) (quoting *Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892)) ("When, for example, 'the presiding officers' of the House and Senate sign an enrolled bill (and the President 'approve[s] it'), 'its authentication as a bill that has passed Congress should be deemed complete and unimpeachable.'").

And even if EPA had, technically, violated the CRA in submitting its waiver for congressional review, any controversy over that submission would raise an inherently political question because it would invite the judiciary to interfere with Congress's proceedings.[3] Indeed, no court could grant effective relief for such a complaint, short of an order presuming to block Congress from considering resolutions on the matter. But the Constitution unquestionably prohibits the courts from interfering with Congress's lawmaking proceedings.[4] *See* U.S. Const. art I, § 5, cl. 2 ("Each House may determine the Rules of its Proceedings. . . .").

---

[3] *See Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 (1986) ("The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress. . . .").
[4] The Petitioners in No. 25-1475 agree with the arguments of the Petitioners in Nos. 25-89 and 25-1480 that EPA's waiver was a "rule" for

9

Moreover, any theoretical controversy over EPA's actions or omissions in submitting its waiver for congressional review became moot the moment Congress enacted, and the President signed, law to invalidate the waiver. *In re Pattullo*, 271 F.3d at 900. At that point any question of whether EPA was technically required to make the submission, or that it exceeded its authority, became irrelevant because nothing short of another Act of Congress can reinstate EPA's now invalid waiver. *See Clinton v. City of New York*, 524 U.S. 417, 448–49 (1998) (holding that the President is powerless to change even a word of enacted law on his own).

All that matters is that the constitutional requirements of bicameralism and presentment were met here. *See Clinton*, 524 U.S. at 448–49 (explaining that law is enacted when specific "text" is "approved" by both Houses of Congress, "and [] that text [is] signed into law by the President."). And those requirements were satisfied. "Here, Congress complied with the process of bicameralism and presentment in enacting the Joint Resolution, because the Joint Resolution passed both houses of

---

the purpose of the CRA. But it matters not whether the waiver is viewed as an "order" because—either way—Congress is free to change law as it pleases, in accordance with rules of its own choosing.

Congress and was signed by the President into law." *Bernhardt*, 946 F.3d at 562. As such, any attack on those proceedings would fail on the merits *if there was any judicial review at all.*

But this Court has already held that the CRA precludes any judicial review of Congress's actions or omissions when pursuing resolutions to invalidate agency action. *Bernhardt*, 946 F.3d at 562–64. And further, *Bernhardt* held that a plaintiff may not circumvent this bar on judicial review by dressing up an allegation that an agency has acted unlawfully where the claim "necessarily involves a challenge to a congressional 'determination, finding, action or omission' under the CRA." *Id.* at 564. In that case, the Center for Biological Diversity sought to challenge an agency's rescission of a rule that Congress had repudiated through CRA procedures "solely on the ground that Congress did not validly enact the Joint Resolution." *Id.* This Court concluded that this was, in truth, a challenge to Congress's procedures. *Id.* And the CRA strips the federal courts of jurisdiction to hear cases alleging that Congress has violated the Act. *See* 5 U.S.C. § 805 ("No determination, finding, action, or omission under this chapter shall be subject to judicial review.").

11

The same is true here. Though California asserts that EPA violated the CRA in submitting its waiver for congressional review, this claim ultimately boils down to an assertion that Congress "did not validly enact the Joint Resolution." *Bernhardt*, 946 F.3d at 564. After all, California suffered no injury when EPA submitted its waiver for congressional review. Whether right or wrong, EPA's submission had no legal effect on the rights or duties of anyone. California's alleged injury stems "solely" from Congress's enactment of the CRA resolution, and the President's signing of the Joint Resolution into law. But under section 805, that is not a redressable injury. *Id.* at 564 ("[W]e lack authority to consider this claim.").

Accordingly, the Petitioners agree that this case should be dismissed without prejudice as moot at this time. However, the Petitioners request—in an abundance of caution—that in dismissing this case the Court should acknowledge that they are free to re-file their petition in the unlikely event that EPA should ever reinstate its waiver. That contingency is unforeseeable—especially in light of *Bernhardt*. But if that were to happen, it would give rise to a fresh controversy, and would be justiciable—at that time—on "grounds arising" after the default 60-

12

day statute of limitations for challenging EPA's waiver decisions.[5] 42 U.S.C. § 7607(b)(1) ("Any petition for review. . . shall be filed within sixty days from the date notice of such promulgation, approval, or action appears in the Federal Register, ***except that if such petition is based solely on grounds arising after such sixtieth day***, then any petition for review shall be filed within sixty days after such grounds arise.") (emphasis added).

DATED: August 25, 2025.

Respectfully submitted,

KERRY C. HUNT
Pacific Legal Foundation
3100 Clarendon Blvd., Ste. 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
KerryHunt@pacificlegal.org

By /s/ Luke A. Wake
LUKE A. WAKE
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
LWake@pacificlegal.org

*Counsel for Petitioners*

---

[5] The Petitioners' position of non-opposition is conditional on their understanding that they would be permitted to file a new petition for review in this unlikely scenario. Yet if this Court concludes that re-filing would be precluded under 42 U.S.C. § 7607(b)(1), it might be more appropriate to hold this case in abeyance pending resolution of California's lawsuit.

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accompanied by the appellate CM/ECF system.

                                                /s/ Luke A. Wake
                                                LUKE A. WAKE
                                                *Counsel for Petitioners*

15

## CERTIFICATE OF COMPLIANCE

This motion complies with the page limitations of 9th Cir. R. 27-1(1)(d) as the response contains 13 pages.

DATED: August 25, 2025.

/s/ Luke A. Wake
LUKE A. WAKE
*Counsel for Petitioners*