————————————————

No. 25-1475, 25-89, & 25-1480

————————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————————————

H.R. EWELL, INC., WESTERN STATES TRUCKING ASSOCIATION,
CALIFORNIA FUELS AND CONVENIENCE ALLIANCE,
CALIFORNIA ASPHALT PAVEMENT ASSOCIATION,
NEW YORK CONSTRUCTION MATERIALS ASSOCIATION, INC.,
AND ASSOCIATED GENERAL CONTRACTORS OF
NEW YORK STATE LLC,

Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

————————————————

**PETITIONERS' RESPONSE TO STATE INTERVENORS'
CROSS-MOTION FOR ABEYANCE AND RESPONSE TO
EPA'S MOTION TO DISMISS**

————————————————

KERRY C. HUNT
  Pacific Legal Foundation
  3100 Clarendon Blvd., Ste. 1000
  Arlington, Virginia 22201
  Telephone: (202) 888-6881
  Facsimile: (916) 419-7747
  KerryHunt@pacificlegal.org

LUKE A. WAKE
  Pacific Legal Foundation
  555 Capitol Mall, Ste. 1290
  Sacramento, California 95814
  Telephone: (916) 419-7111
  Facsimile: (916) 419-7747
  LWake@pacificlegal.org

*Counsel for Petitioners*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES................................................................ii

INTRODUCTION...........................................................................1

ARGUMENT .................................................................................2

I.   The *Landis* Factors Confirm the Court Should Decide
EPA's Motion to Dismiss at This Time ................................2

    A.   A Stay Would Cause Hardship for Petitioners and
Harm the Public Interest...............................................2

    B.   A Stay Will Not Harm the State Intervenors.........................6

    C.   The State Intervenors' Motion Should Be Denied
in the Interest of Judicial Economy.......................................8

II.   The H.R. Ewell Petitioners Oppose the Motion to Stay ............8

CONCLUSION ...............................................................................9

CERTIFICATE OF SERVICE..............................................................10

CERTIFICATE OF COMPLIANCE.......................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*American Free Enterprise Chamber of Commerce v.*
*U.S. Environmental Protection Agency,*
No. 25-89 (9th Cir.) .................................................................... 3

*American Fuel & Petrochemical Manufacturers v.*
*U.S. Environmental Protection Agency,*
No. 25-1480 (9th Cir.) ............................................................... 3

*California v. United States,*
No. 4:25-cv-4966-HSG (N.D. Cal.) ................................. 1, 3, 5

*CMAX, Inc. v. Hall,*
300 F.2d 265 (9th Cir. 1962) ..................................................... 2

*Diamond Alt. Energy, LLC v. EPA,*
145 S. Ct. 2121 (2025) ................................................................ 3

*Landis v. North American Co.,*
299 U.S. 248 (1936) ............................................................... 2, 8

*Lockyer v. Mirant Corp.,*
398 F.3d 1098 (9th Cir. 2005) ................................................... 2

## Statute

42 U.S.C. § 7543(a) ......................................................................... 2

## Other Authorities

California Air Resources Board, *Manufacturers Advisory*
*Correspondence (MAC) ECCD-2025-08* (Aug. 25, 2025) ..................... 4

Complaint, *California v. United States,*
No. 25-4966, Dkt. No. 1 (N.D. Cal. June 12, 2025) ............................. 3

H.R.J. Res. 89, 119th Cong. (2025) ....................................................... 1

ii

Wade, Holly & Oldstone, Madeleine,
*Small Business Problems & Priorities*,
NFIB Research Center (11th ed. 2024) ................................................ 4

## INTRODUCTION

Petitioners H.R. Ewell, Inc., Western States Trucking Association, California Fuels and Convenience Alliance, California Asphalt Pavement Association, New York Construction Materials Association, Inc., and Associated General Contractors of New York State LLC (collectively, "H.R. Ewell Petitioners") oppose the State Intervenors' motion to stay proceedings in this case. For the reasons set forth already in their response to the Environmental Protection Agency's motion to dismiss, Congress has mooted this controversy with a resolution that effectively amended the Clean Air Act to override EPA's waiver decision and, therein, preempt the states from enforcing California's heavy diesel engine emission regulations. H.R.J. Res. 89, 119th Cong. (2025). The State Intervenors have failed to make any meaningful argument to the contrary.

Instead, the State Intervenors urge this Court to hold this case in abeyance pending resolution of an ancillary lawsuit challenging Congress's resolution in the Northern District of California. *See* Dkt. No. 35.1 at 2–3*; see also California v. United States*, No. 4:25-cv-4966-HSG (N.D. Cal.). But it would be pointless to stay proceedings in this case

because it is already clear that California's claims are precluded from judicial review and would fail on the merits in any event. The motion should be denied.

## ARGUMENT

### I. The *Landis* Factors Confirm the Court Should Decide EPA's Motion to Dismiss at This Time

Under *Landis v. North American Co.*, 299 U.S. 248 (1936), this Court must consider "the competing interests which will be affected by the granting or refusal to grant a stay. . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir. 1962)). Specifically, the Court must consider: (1) "the possible damage which may result from the granting of a stay[;]" (2) "the hardship or inequity which a party may suffer in being required to go forward[;]" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In this case, all these factors confirm the Court should deny the State Intervenors' motion to stay.

### A. A Stay Would Cause Hardship for Petitioners and Harm the Public Interest

A stay is inappropriate here because it would cause hardship for the industry Petitioners and would harm the public interest generally in

unnecessarily forestalling resolution of the important issues presented. For one, a stay would create uncertainty for manufacturers that will, consequently, affect companies like the H.R. Ewell trucking company of Pennsylvania, which "must maintain a fleet of roughly 250 heavy diesel trucks[,] [and must] replace roughly 20–40 trucks in each year." *See* Exhibit A, Declaration of Calvin Ewell ¶ 6 ("Ewell Decl."). *See also* Exhibit B, Declaration of Michael J. Elmendorf II ¶ 12–13 ("Elmendorf Decl.") (discussing harm of uncertainty on members). *Accord Diamond Alt. Energy, LLC v. EPA*, 145 S. Ct. 2121 (2025) (holding industry groups are injured by consequential effects of California's regulation).

California persists in arguing that its schedule of increasingly stringent emission standards remains in effect—notwithstanding Congress's resolution to preempt those standards under the CAA.[1] California is threatening to enforce its Omnibus Regulation retroactively if it ultimately succeeds in its District Court lawsuit. *See* California Air

---

[1] *See* Compl., *California et al. v. United States et al.*, No. 4:25-cv-04966-HSG, Dkt. No. 1, ¶ 183 (June 12, 2025) ("Because the Resolutions are unlawful, unconstitutional and void, the preemption waivers granted for California's addition of the state regulations at issue, including the . . . Omnibus regulations, to the State's regulatory program are **valid and in effect**.") (emphasis added).

3

Resources Board, *Manufacturers Advisory Correspondence (MAC) ECCD-2025-08* (Aug. 25, 2025). California's position conflicts with reality; however, it creates regulatory uncertainty that could be resolved swiftly in this Court, should it deny the State Intervenors' motion to stay. *Cf.* Holly Wade & Madeleine Oldstone, *Small Business Problems & Priorities*, NFIB Research Center (11th ed. 2024) (discussing empirical research finding that "uncertainty over government actions" ranks among the top problems for small business).

For companies like H.R. Ewell, the concern is that they "will have to pay more to upgrade" their "fleet[s] going forward" if manufacturers feel compelled to comply with California's Omnibus Regulation—notwithstanding Congress's resolution. Ewell Decl. ¶ 13. And relatedly, there is concern that without regulatory clarity, "manufacturers may respond to [California's] increasingly stringent emission standards by discontinuing production of heavy diesel engines that [H.R. Ewell and similar companies] depend on." *Id.* ¶ 14. *See also* Elmendorf Decl., ¶ 13 (raising concern that there may be "scarcity issues so long as California and New York continue to argue that the Omnibus Regulation remains valid."). These threatened harms hang over the industry Petitioners like

the Sword of Damocles so long as California persists in its assertion that Congress's resolution is invalid. As such, it is only proper to deny the State Intervenors' motion to stay in the interest of providing the public with a definitive judgment on these weighty issues.

And even setting those concerns aside, all but one of the H.R. Ewell Petitioners would be uniquely harmed by an order staying proceedings in this case in light of California's ancillary lawsuit because they are not parties to that litigation. Whereas the Petitioners in *American Free Enterprise Chamber of Commerce v. U.S. Environmental Protection Agency*, No. 25-89, and *American Fuel & Petrochemical Manufacturers v. U.S. Environmental Protection Agency*, No. 25-1480 have moved to intervene in *California v. United States*, only one of the H.R. Ewell Petitioners has done so; the rest have filed only in this Court.[2] Because the H.R. Ewell Petitioners are not parties to that case, they would be denied any opportunity to affect the outcome of those proceedings, except insofar as the District Court (or this Court, later on appeal) is inclined to entertain H.R. Ewell's arguments in the capacity of *amicus curiae*. This

---

[2] The Western States Trucking Association has moved to intervene in *California v. United States*, No. 4:25-cv-4966-HSG. That motion remains pending.

5

is yet another reason why it is only proper to decide the validity of Congress's resolution here and now—in the context of EPA's motion to dismiss.

### B.    A Stay Will Not Harm the State Intervenors

What is more, there is no need for a stay because the State Intervenors will suffer no hardship if this Court denies their motion to stay. There is simply no reason to forestall the inevitable conclusion that Congress's recent resolution—once signed into law by President Trump—has mooted this controversy. If anything, it inures to everyone's benefit to get a prompt and definitive resolution on these weighty issues. California and states, like New York and Pennsylvania, that have adopted California's Omnibus Regulation need immediate clarity as to what standards apply to Model Year 2027 vehicles. Likewise, anyone selling heavy diesel engines needs clarity—here and now—as to whether they must comply with baseline EPA standards, or California's more demanding standards.[3] And it simply doesn't make sense to draw this

---

[3] Trucking companies are already negotiating pre-sales on Model Year 2027 heavy diesel trucks.

question out through protracted litigation over the course of many years when the issue is squarely raised before this Court already.

The State Intervenors suggest that they may be prejudiced if this Court should address the legality of Congress's resolution rejecting EPA's waiver of federal preemption for California's Omnibus Regulation. But that is wrong.[4] The State Intervenors have already had an opportunity to make their case as to why Congress's resolutions do not moot these proceedings. And, in any event, the H.R. Ewell Petitioners do not oppose the State Intervenors' request for full briefing on the legitimacy of Congress's preemptive resolution, to the extent this Court may believe further briefing is helpful.[5]

---

[4] The issues presented by EPA's motion to dismiss—and by the State Intervenors' CRA challenge—are purely legal, and require no factual development. There is no need to develop a factual record in the courts below to resolve the issues presented here. All this Court need do is resolve the purely legal question of whether these cases are moot.

[5] Yet for the reasons set forth already in the H.R. Ewell Petitioners' response to EPA's motion to dismiss, it is already abundantly clear that the federal courts are precluded from hearing California's challenge to the validity of Congress's decision to proceed, under its own rules, to pass these resolutions.

## C.   The State Intervenors' Motion Should Be Denied in the Interest of Judicial Economy

Finally, a stay is inappropriate because it would result in unnecessary protracted district court litigation on a matter that is already properly presented to this Court at this time. The State Intervenors would rather (unnecessarily) tax the resources of the district courts and the various parties[6] involved in that ancillary litigation when everyone knows that the issues presented there will ultimately be appealed and reviewed *de novo*. As such, the third *Landis* factor militates strongly in favor of resolving these issues here and now.

## II.   The H.R. Ewell Petitioners Oppose the Motion to Stay

The State Intervenors mischaracterize the H.R. Ewell Petitioners' position in suggesting that they support a stay. That is not correct.

The H.R. Ewell Petitioners previously stated that an abeyance "might" be appropriate to account for the "unlikely event" of reinstatement of the EPA's waiver *if* there was doubt as to whether they would be barred from re-filing in that unforeseen eventuality. Dkt. No. 37.1 at 12–13 n.5. They made this statement only in an abundance of

---

[6] Requiring Petitioners to intervene in separate litigation to vindicate their position would not only be unjust, but would require additional resources beyond those committed to litigating this case.

caution. But in view of the urgency of getting resolution on the important issues presented, and the extreme unlikelihood that California will succeed in its claims, the H.R. Ewell Petitioners clarify that they oppose this motion to stay.

## CONCLUSION

For the foregoing reasons, the Court should deny State Intervenors' cross-motion for abeyance and grant the EPA's motion to dismiss.

DATED: September 18, 2025.

Respectfully submitted,

KERRY C. HUNT
Pacific Legal Foundation
3100 Clarendon Blvd., Ste. 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
KerryHunt@pacificlegal.org

By /s/ Luke A. Wake
LUKE A. WAKE
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
LWake@pacificlegal.org

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accompanied by the appellate CM/ECF system.

/s/ Luke A. Wake
LUKE A. WAKE
*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

This motion complies with the page limitations of 9th Cir. R. 27-1(1)(d) as the response contains 9 pages.

DATED: September 18, 2025.

/s/ Luke A. Wake
LUKE A. WAKE
*Counsel for Petitioners*